**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Hugo Mendoza, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 5441 |
| NCEP, LLC, a Nevada limited liability Company, and Praxis Financial Solutions, Inc., an Illinois corporation, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Hugo Mendoza, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.   Plaintiff, Hugo Mendoza ("Mendoza"), is a citizen of the State of Texas, from whom Defendants attempted to collect a delinquent consumer debt that he allegedly owed for a Citibank/Sears account, despite the fact that he had exercised his rights under the FDCPA to refuse to pay the debt, and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, NCEP, LLC ("NCEP"), is a Nevada limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. NCEP operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant NCEP was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NCEP is a bad debt buyer, that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant, Praxis Financial Solutions, Inc. ("Praxis"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. From its offices in Lincolnwood, Illinois, Praxis operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Praxis was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants NCEP and Praxis are each authorized to conduct business in Illinois, and maintain registered agents here, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, Defendants NCEP and Praxis both conduct

business in Illinois.

8. Moreover, Defendants NCEP and Praxis are each licensed as collection agencies in Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>. In fact, Defendants NCEP and Praxis both act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Mendoza is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for a Citibank/Sears account. At some point in time after that debt became delinquent, another bad debt buyer/debt collector, United Debt Holdings ("United") bought/obtained Mr. Mendoza's alleged Citibank/Sears debt. When United began trying to collect the Citibank/Sears debt from Mr. Mendoza, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

10. Specifically, United had its attorneys, Richard J. Boudreau & Associates, demand payment of the Citibank/Sears debt from Mr. Mendoza, who did so by sending Mr. Mendoza a collection letter dated July 29, 2011. A copy of this collection letter is attached as Exhibit <u>C</u>.

11. On August 24, 2011, Mr. Mendoza's attorney at LASPD informed United, through its attorney, that Mr. Mendoza was represented by counsel, and directed United to cease contacting him, and to cease all further collection activities because Mr. Mendoza was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit <u>D</u>.

12.     The effect of this notice was that the debt could then only be collected upon via a negative credit report or a lawsuit – calling or writing the consumer had to stop.  Nonetheless, Defendant NCEP bought/obtained Mr. Mendoza's alleged Citibank/Sears account, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Mr. Mendoza, and had Defendant Praxis send Mr. Mendoza a collection letter, dated April 24, 2014, demanding payment of the Citibank/Sears debt.  A copy of this collection letter is attached as Exhibit E.

13.     Moreover, Defendants knew, or should have known, that there was a problem with the debt at issue due to the age of the portfolio of the debts that included Plaintiff's alleged debts.  In fact, any reasonable review of the records on this account would have shown that the account should not have been collected upon in the manner at issue in this matter.

14.     Accordingly, on July 2, 2014, Mr. Mendoza's LASPD attorneys had to send Defendants a letter directing them to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit F.

15.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

19.     Here, the letter from Plaintiff's agent/attorney, LASPD, told Defendants to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23.     Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with his debt because his attorneys at LASPD had given notice in writing, to Defendants' predecessor-in-interest that Plaintiff was

6

represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff a collection letter, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Hugo Mendoza, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Mendoza, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Hugo Mendoza, demands trial by jury.

Hugo Mendoza,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: July 16, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com